UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATE MCENROE NEW YORK LLC; KATHERYN CURTIS, <br><br> Plaintiffs, <br><br> v. <br><br> DESIGNS WITH DIANNA LLC; DIANNA SHALTRY, <br><br> Defendants. | Case No.: 1:26-cv-3642 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, DIGITAL MILLENIUM COPYRIGHT ACT AND UNFAIR COMPETITION**

Plaintiff, Kate McEnroe New York LLC ("**Plaintiff McEnroe"**) and Katheryn Curtis (" **Plaintiff Curtis**") (collectively, the "**Plaintiffs**") by and through their attorneys, Barclay Damon LLP, as and for their Complaint against Defendants, Dianna Shaltry ("**Defendant Shaltry**") and Designs with Dianna LLC ("**Defendant DWD**"); (collectively, the "**Defendants**"), alleges and sets forth as follows:

**INTRODUCTION**

2.      This is an action for copyright infringement pursuant to the United States Copyright Act, 17 U.S.C. § 101, et seq. (the "**Copyright Act**"), material misrepresentations under the Digital Millennium Copyright Act, 17 USCS § 512 (f) (the "**DMCA**") and unfair competition under  NY CLS Gen Bus § 349.

**NATURE OF ACTION**

3.      Plaintiff Kate McEnroe New York LLC is a small business, highly regarded for its design, manufacture, promotion and distribution of unique home goods, fashion and accessories, including products featuring its original artwork.

1

4.      Plaintiff Katheryn Curtis is the founder of Kate McEnroe New York LLC, and a renowned artist known for her stylized illustrations and works of art.

5.      At all relevant times hereto, Plaintiffs owns and operates the website and content located at the web URL https://katemcenroeny.com/ ("**Plaintiffs Store**") and the Etsy store located at the web URL https://www.etsy.com/shop/KateMcEnroeNYC ("**Plaintiffs Etsy**") (collectively, "**Plaintiffs Channels**").

6.      Without permission from Plaintiffs, Defendants copied, sold, manufactured, and/or distributed multiple copies of Plaintiffs' original copyrighted and copyrightable work that are substantially similar, if not identical to, Plaintiffs' copyrighted work.

7.      Plaintiff seeks relief from Defendants' unauthorized actions that are a violation of Section 106 of the Copyright Act and Plaintiffs' rights.

## PARTIES

8.      Plaintiff McEnroe is a limited liability company organized under the laws of the State of New York with a principal place of business in New York, New York.

9.      Plaintiff McEnroe designs, manufactures, and sells products, apparel and other products to individual purchasers, stores and retailers in New York (including in this District) and across the country through Plaintiffs Channels.

10.     Plaintiff Curtis is an individual residing in New York, New York.

11.     Plaintiff Curtis is the author and owner of the Work that has been registered with the United States Copyright Office ("**Copyright Office**") prior to the institution of this action ("**Action**") in accordance with 17 U.S.C. § 411.

12.     On information and belief, Defendant Shaltry is an individual residing in Hersey, Michigan.

13. Defendant DWD is a limited liability company organized under the laws of the State of Michigan with a principal place of business in Hersey, Michigan.

14. On information and belief, Defendant Shaltry is the founder and owner of Designs With Dianna LLC.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the Federal Copyright Act.

16. This Court has personal jurisdiction over each of the Defendants. Each Defendant has sold, marketed and offered for sale in the State of New York and in this District copies of Plaintiffs' Work that are the subject of this action, including through its promotion and sales at Defendants' Etsy storefront.

17. Defendants are also subject to personal jurisdiction in New York; in having committed acts outside of New York that caused injury to Plaintiffs within New York; in regularly does or solicits business in New York; in deriving substantial revenue from goods used or services rendered in New York; in expecting or reasonably expecting its infringing conduct to have consequences in New York; and in deriving substantial revenue from interstate commerce.

18. Venue is proper in this District pursuant to and under 28 U.S.C. §§ 1391(b), (c), and 1400(a) because Defendants are subject to personal jurisdiction in the State of New York, in this District. Specifically, each Defendant is marketing and selling the infringing copies that are the subject of this action in this judicial district.

**FACTS COMMON TO ALL CLAIMS**

A. **PLAINTIFF CURTIS'S COPYRIGHTED WORK**

19. Plaintiff Curtis is a professional artist by trade who is the legal and rightful owner of certain designs and works of art.

20. Plaintiff Curtis has invested significant time and money in building Plaintiffs' portfolio of unique designs and works.

21. Plaintiff Curtis is the is the author and owner of all right, title and interest in the following U.S. Copyright Registration to an original work of authorship embodied in an original two-dimensional visual work depicted below ("**Work**").



22. The Work was registered by the Copyright Office under Registration No. VA 2-467-469 on October 2, 2025. A true and accurate copy of the Certificate of Copyright is attached hereto as **Exhibit A.**

23. Plaintiffs' Work is an original and creative expression embodied in the Work that is owned by Plaintiff who has the right to enforce its rights under Section 106 of the Copyright Act.

4

24.    Plaintiff Curtis created the work in 2024 by reducing her ideas into a tangible medium of expression.

25.    Plaintiff Curtis first published the Work on February 28, 2024.

26.    Plaintiff McEnroe holds an exclusive license to the Work.

**B. DEFENDANTS' WRONGFUL CONDUCT**

27.    Recognizing the popularity of Plaintiffs' Work and products, and in an attempt to exploit Plaintiffs' hard-earned success and good will, Defendants have engaged in unlawful and unfair  infringement of  Plaintiffs' rights to the Work resulting in a loss of Plaintiffs' business.

28.    Defendants own and operate the Etsy store located at the Web URL https://www.etsy.com/shop/DesignswithDianna, which is accessible nationwide ("**DWD Etsy**").

29.    Defendants engage in their unlawful and infringing activities by and through their operation and use of the DWD Etsy.

30.    Since about 2025, Defendants have engaged in their infringing and deceptive practices to Plaintiffs' detriment resulting in loss of profits, good will, injury and damages.

**C. DEFENDANTS' COPYRIGHT INFRINGEMENT**

31.    On or about September 2025, Plaintiffs discovered that Defendants had copied and was offering a product substantially similar to Plaintiffs' Work at Defendants' DWD Etsy (**"First Copy"**) for sale. (A copy of which is attached hereto as **Exhibit B**).

32.    Upon information and belief, Defendants have actual and/or constructive knowledge and notice of Plaintiffs' Work and copyright.

33.    Defendants' First Copy copies the original and protectable elements in the Work.

34.    A comparison of Plaintiffs' Work and the First Copy is shown below for comparison:

5

| Plaintiffs' Work |
|---|
|  |
| **First Copy** |
|  |

35.      Plaintiffs sent Defendants a message, via Etsy, demanding that Defendants cease its promotion and sales of the First Copy ("**First Notice**").

36.    Defendants told Plaintiffs that the First Copy would not be taken down from the DWD Etsy.

37.    Defendants continued to brazenly reproduce or create new and additional offerings for sale that also infringe Plaintiffs' Work ("**New Copies**"). (Copies of the New Copies sold at DWD Etsy are attached hereto as **Exhibit C**)

38.    A comparison of Plaintiffs' Work and a selection of the New Copies is shown below for comparison:

| Plaintiffs' Work |
|---|
|  |
| **Selection of New Copies** |

39.     On or around February 26, 2026, Plaintiffs' counsel sent a letter to Defendants demanding that Defendants immediately cease and desist its infringing activities regarding the First Copy and the New Copies ("**Second Notice**").

40.     Plaintiffs' counsel also filed DMCA complaints, via Etsy, for a takedown of the First Copy and New Copies offered and sold at the DWD Etsy **("DMCA Complaint**").

41.     On or around March 2026, Etsy issued the removal notice for the First Copy and New Copies.

42.     On March 16, 2026, Defendants' counsel emailed Plaintiffs' counsel to acknowledge their receipt of the Second Notice.

43.     On or around March 2026, Plaintiffs received a notice that Defendants or Defendants' counsel filed a DMCA counter-notice (**"DMCA Counter-Notice")**, attesting that its products were removed or disabled on the basis of Plaintiffs' mistake or misidentification.

44.     On information and belief, Defendants submitted the DMCA Counter-Notice with knowledge of Plaintiffs' rights, title, and interest to the Work.

45.     Defendants later reposted the infringing copies on its Etsy storefront and has subsequently refused to cease offering the selling of the infringing copies.

46.     On April 7, Plaintiffs  discovered additional infringing copies were being offered for sale  ("**Additional Copies**"). (Copies of the Additional Copies sold at DWD Etsy are attached hereto as **Exhibit D**)

47.     A comparison of Plaintiffs' Work and a selection of the Additional Copies is shown below for comparison:

| Plaintiffs' Work |
|---|
|  |
| **Selection of Additional Copies** |
| <br> |

48.    Defendants' refusal to remove the Infringing Copies, and Defendants' decision to offer additional infringing copies constitutes knowing and willful conduct.

49.    As a result of Defendants' misconduct, Plaintiffs have been substantially harmed.

## AS AND FOR A FIRST CAUSE OF ACTION
## (COPYRIGHT INFRINGEMENT)

50.    Plaintiffs repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

51.    Plaintiff Curtis is, has been, and still is, the owner of all rights, title, and interest in and to the copyright of said Work.

52.    Plaintiff Curtis granted an exclusive license to use the Work to Plaintiff McEnroe.

53.    Defendants have infringed Plaintiff's copyright by marketing, advertising, and selling, without Plaintiff's permission, unlawful copies of Plaintiff's copyrighted Work.

54.    As a result of Defendants' actions, and violations of Plaintiff's exclusive rights as copyright owner, including under Section 106 of the Copyright Act, Plaintiff has been harmed and injured and Defendants' actions constitute copyright infringement.

55.    Plaintiffs allege Defendants' infringements were negligent and/or reckless, and that Defendants profited from their use of Plaintiffs' copyrighted Work through the manufacture, offering and sales of the First Copy, New Copies and the Additional Copies.

56.    Plaintiffs allege that Defendants' infringements were knowing and/or willful, and/or represent a calculated attempt to profit from Plaintiff's copyrighted Work, without permission, in that Defendants continued to infringe upon Plaintiff's copyright, despite being on notice of the copyright, through the manufacture, offering and sales of New Copies and the Additional Copies.

57.     Plaintiffs are therefore entitled to all relief and remedies available to her under the Copyright Act for willful copyright infringement, including, but not limited to, actual and/or statutory damages up to $150,000 per violation, if eligible, the costs of this action, including reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## AS AND FOR A SECOND CAUSE OF ACTION
## (DIGITAL MILLENNIUM COPYRIGHT ACT)

58.     Plaintiffs repeat and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

59.     Defendants violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that its infringing products were removed or disabled by mistake or misidentification.

60.     On information and belief, Defendants had actual knowledge that Plaintiffs did not infringe any copyright of Defendants'.

61.     Defendants knowingly violated this statute when they intentionally filed a counter-notice on the basis of material misrepresentations.

62.     Defendants' conduct in knowingly filing the counternotice was willful and intentional and done with full knowledge of Plaintiff's copyright ownership and in conscious disregard of her rights.

63.     Defendants' violations of 17 U.S.C. § 512(f) have caused, and unless restrained, will continue to cause irreparable harm unless enjoined by this Court.

64.     Pursuant to 17 U.S.C. § 1203 (b)(1), Plaintiffs are entitled to a permanent injunction barring Defendant from further DMCA violations.

11

**AS AND FOR A THIRD CAUSE OF ACTION**
**(UNFAIR COMPETITION – N.Y. G.B.L. § 349)**

65.     Plaintiffs repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

66.     Defendants' deceptive acts were directed at consumers and were intentionally misleading in a material way. Consumers seeking the Plaintiffs' products depicting the Work are likely to be confused into believing the infringing products  are genuine articles created by Plaintiffs when in fact they are not.

67.     Consumers are likely to be confused into believing the infringing products are somehow associated with or endorsed by Plaintiffs when in fact they are not.

68.     By reason of Defendants' acts of unfair competition as alleged herein, Plaintiffs have suffered and will continue to suffer substantial damage to their businesses in the form of diversion of trade, loss of profits, and a dilution in the value of their rights and reputation, all in amounts yet to be determined

69.     Plaintiffs have no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully continue the conduct herein described.

70.     In committing these acts of unfair competition, Defendants acted willfully, wantonly, recklessly, and with conscious disregard for Plaintiffs' rights. Plaintiffs are therefore entitled to punitive damages.

**JURY DEMAND**

Plaintiffs hereby demands a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demands judgment as follows:

That the Court enters a judgment finding that Defendants have infringed upon Plaintiffs' rights to the Work in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

(a)    finding that Defendants infringed upon Plaintiffs' copyright interest in and to the Work by copying, displaying, reproducing, and creating derivatives of it without a license or consent;

(b)    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages, whichever is larger;

(c)    for an order requiring the destruction of all of the infringing products and all marketing, advertising, or promotional materials depicting the same;

(d)    for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

(e)    for reasonable attorneys' fees pursuant to 17 U.S.C. § 512(f), or as otherwise allowed by law for violations of the DMCA;

(f)    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiffs' Work;

(g)    for all monetary actual and/or statutory damages sustained and to be sustained by Plaintiffs as a consequence of Defendants' unlawful conduct, pursuant to Gen. Bus. L. §349, and/or any other applicable statute;

(h)    for Plaintiffs' reasonable attorney's fees, pursuant to N.Y. Gen. Bus. L. § 349, and/or any other applicable statute, together with the costs and disbursements of this action;

(i)    for an order awarding Plaintiffs the costs and disbursements of this action, including reasonable attorneys' fees; and

(j)    for such other and further relief as this Court deems just, proper, and equitable.

**DEMAND FOR TRIAL BY JURY**

13

Date:  May 1, 2026                                  **BARCLAY DAMON LLP**


                                                    S/*Michael A. Oropallo*
                                                    Michael A. Oropallo
                                                    125 E. Jefferson St.
                                                    Syracuse, NY 13202
                                                    Telephone:   (315) 425-2831
                                                    Facsimile:   (315) 703-7367
                                                    moropallo@barclaydamon.com

                                                    Attorneys for Plaintiffs Kate McEnroe
                                                    New York LLC and Katheryn Curtis