UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KATHERYN CURTIS, et al., Plaintiffs, -v- DIANNA SHALTRY, et al., Defendants. | : | 26cv3642 (DLC) OPINION AND ORDER |

APPEARANCES:

For Plaintiffs Katheryn Curtis and Kate McEnroe LLC:
Dhruthi Batchu
Michael Anthony Oropallo
Barclay Damon LLP
160 Federal Street, Suite 1001
Boston, MA 02110

For Defendants Dianna Shaltry and Designs with Dianna LLC:
Jeffrey Sturman
Sturman Law LLC
8700 E Jefferson Ave #371706
Denver, CO 80237

DENISE COTE, District Judge:

Defendants Dianna Shaltry and Designs with Dianna LLC have moved to dismiss the First Amended Complaint ("FAC") for lack of personal jurisdiction and failure to state a claim. For the following reasons, the motion is granted.

## Background

The following facts are taken from the FAC. Only the facts necessary to decide this motion are included. They are assumed to be true for the purposes of this motion.

Plaintiff Katheryn Curtis is the founder of a small business, Kate McEnroe New York LLC ("Kate McEnroe"), that sells home goods, fashion items, and accessories bearing original artwork designed by Curtis. Curtis sells these goods through her website and through a virtual shop on Etsy.com. Curtis is a New York resident and her company, Kate McEnroe, is organized under the laws of New York and has its principal place of business in New York.

Curtis created an image she calls an "atomic cat" and that image, which is copyrighted, appears on Kate McEnroe goods. The image has distinctive features such as angular ears, narrowed eyes, and a stylized tail, reflecting Curtis's artistic choices. Kate McEnroe holds an exclusive license to make and distribute copies of the Atomic Cat-Lounge Cat artwork.

In September 2025, Curtis discovered that Dianna Shaltry, a Michigan resident, was selling products with similar atomic cat designs through her company, Designs with Dianna LLC ("Designs with Dianna"). Designs with Dianna is organized under the laws of the State of Michigan and has its principal place of business in Michigan. Shaltry also operates a shop, Designs with Dianna, on Etsy.com through which she sells a variety of products, including products with an image of a similar-looking atomic cat. On the Etsy storefront, Shaltry notes that "[a]ll of my

designs are thoughtfully created by me." The FAC does not allege where the infringing products were manufactured, but it attaches several print-outs from Etsy's website. These print-outs indicate that the defendants' products ship from a variety of locations including: wall art from Lafayette, LA; mugs from Danvers, MA; and mixing glasses from Mankato, MN.

Curtis and Kate McEnroe assert that the defendants' use of the image of an atomic cat infringes Curtis's copyrighted image and requested that Shaltry cease sales of the infringing products. When Shaltry refused to remove the infringing products from the Designs with Dianna storefront, Curtis filed Digital Millennium Copyright Act ("DMCA") complaints with Etsy. In March 2026, Etsy issued removal notices to Shaltry and Designs with Dianna for the atomic cat items.

That same month, the defendants filed a DMCA counter-notice, attesting that the products were removed from Etsy due to the plaintiffs' misidentification. The atomic cat designs were then relisted on the Etsy Designs with Dianna store.

The FAC asserts that New York customers are able to access the Designs with Dianna Etsy store, and that Designs with Dianna sells products from its Etsy store to customers in the State of New York. The complaint alleged that the defendants sold

products with the atomic cat design into New York, but the FAC removed that allegation.

The plaintiffs brought this action on May 8, 2026 for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101, material misrepresentations under the DMCA, 17 U.S.C. § 512, and unfair competition under New York General Business Law § 349.[1] Shaltry and Designs with Dianna moved to dismiss the complaint on August 13, 2026 for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2), and for failure to state a claim under Fed R. Civ. P. 12(b)(6). The plaintiffs were given an opportunity to amend their pleading, and they filed the FAC on September 3, alleging the same causes of action. Defendants moved to dismiss the FAC on September 25 and the plaintiffs opposed the motion on October 9.

When the defendants filed the September 25 motion, they submitted an affidavit signed by Dianna Shaltry. In this declaration, Shaltry asserts that

> Neither I nor DWD created, manufactured, or fulfilled orders for products associated with the allegedly infringing designs in New York.

Further, the defendants assert that they consented to jurisdiction in Michigan in their DMCA counter-notice.

---

[1] In response to the motion to dismiss, the plaintiffs have abandoned the unfair competition claim.

When the plaintiffs opposed the motion on October 9, Curtis submitted a declaration related to the manufacturing of products for Designs with Dianna. Curtis claims that because of her familiarity with products created through Printify, an on-demand printing company used by Etsy, she recognized a 16-ounce mixing glass sold by Designs with Dianna. Curtis asserts that "[t]he manufacturer associated with this specific 16-ounce product is Taylor d.b.a. Amsterdam Printing" but does not explain the basis for that assertion. Curtis then states that "on information and belief," Shaltry used Amsterdam Printing to manufacture the mixing glass with the atomic cat design. Curtis asserts that the "glasses were shipped from or through" Amsterdam Printing's fulfillment facilities in Amsterdam, New York but again does not explain how she knows that to be so. Curtis and Kate McEnroe did not contest that the defendants' DMCA counter-notice consented to jurisdiction in Michigan pursuant to 17 U.S.C. § 512(f). The motion to dismiss became fully submitted on October 17 when the defendants submitted their reply.

## **Discussion**

The defendants move to dismiss the FAC on two independent grounds. The defendants argue that this Court lacks personal

jurisdiction over them and that the FAC fails to plead its copyright, DMCA, and unfair competition claims.[2]

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists over the defendant." Am. Girl, LLC v. Zembrka, 118 F.4th 271, 276 (2d Cir. 2024). A plaintiff's "showing must include an averment of facts that, if credited by the ultimate trier of fact, would be sufficient for establishing jurisdiction over the defendant." Id. (citation omitted). In order to decide a motion to dismiss a complaint for lack of personal jurisdiction, "the district court may consider materials outside the pleadings, including affidavits and other written materials." Id. (citation omitted). The pleadings and affidavits are construed in the light most favorable to the plaintiffs, "resolving all doubts in their favor." Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 85 (2d Cir. 2013) (citation omitted). In determining whether a plaintiff has met this burden, a court "will not draw argumentative inferences in the plaintiff's favor." In re Terrorist Attacks

[2] In filing their counter-notice, the defendants consented to jurisdiction in Michigan. The plaintiffs do not argue that personal jurisdiction over this action exists under the DMCA. Since the plaintiffs have abandoned the unfair competition claim, a finding of personal jurisdiction in New York depends on whether it exists for the copyright infringement claim.

on Sept. 11, 2001, 714 F.3d 659, 673 (2d Cir. 2013) (citation omitted). Plaintiffs may obtain jurisdictional discovery, but a district court may deny that request when the discovery is unlikely to uncover sufficient facts to secure jurisdiction. Haber v. United States, 823 F.3d 746, 753 (2d Cir. 2016).

To determine personal jurisdiction over a non-domiciliary, a federal court sitting in New York must first apply New York's long-arm statute. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). Then, if jurisdiction is permitted, the court must "analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." Id. at 164. New York law provides for two forms of personal jurisdiction: general jurisdiction, N.Y. C.P.L.R. § 301, and specific jurisdiction, id. § 302. The plaintiffs assert that there is specific jurisdiction over the plaintiffs under §§ 302(a)(1) and 302(a)(2) of New York's long-arm statute.

Section 302(a) of New York's long-arm statute permits a court to exercise personal jurisdiction over "a cause of action arising from any of the acts enumerated" in the statute. Id. § 302(a). Jurisdiction exists over a non-domiciliary that commits any act enumerated in the statute either "in person or through an agent." Id. One of the enumerated acts conferring jurisdiction exists when a non-domiciliary "transacts any

business within the state or contracts anywhere to supply goods or services in the state." Id. at § 302(a)(1). Because § 302 is a "single act statute", proof of "one transaction in New York is sufficient to invoke jurisdiction." Am. Girl, LLC, 118 F.4th at 276.

There are two prongs for jurisdiction under § 302(a)(1). "[U]nder the first prong the defendant must have conducted sufficient activities to have transacted business in the state, and under the second prong, the claims must arise from the transactions." Id. at 276-77 (citation omitted). Transacting business means "purposeful activity -- some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Spetner v. Palestine Inv. Bank, 70 F.4th 632, 639 (2d Cir. 2023) (citation omitted). Claims

> arise[] from a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted.

Edwardo v. Roman Cath. Bishop of Providence, 66 F.4th 69, 76 (2d Cir. 2023) (citation omitted). "Where this necessary relatedness is lacking, the New York Court of Appeals has characterized the claim as 'too attenuated' from the

transaction, or 'merely coincidental' with it." Id. (citation omitted).

Personal jurisdiction is also proper over any non-domiciliary "who in person or through an agent . . . commits a tortious act within the state except as to a cause of action for defamation of character arising from the act." N.Y. C.P.L.R. § 302(a)(2). To be subject to personal jurisdiction for the acts of an agent under § 302(a)(2), the agent

> must have acted for the benefit of and with the knowledge and consent of the non-resident principal and the non-resident principal must have exercised some control over the alleged agent.

Edwardo, 66 F.4th at 74 (citation omitted). The tortious act must have occurred in the state of New York. Id.

The plaintiffs have failed to make a prima facie showing that personal jurisdiction exists over Shaltry and Designs with Dianna under either § 302(a)(1) or § 302(a)(2). They have identified no transaction with a customer in New York from which their claims arise. And, since the infringing activities occurred in Michigan, not New York, personal jurisdiction is unavailable under § 302(a)(2).

To support jurisdiction under § 302(a)(1), the plaintiffs point to three activities carried out by the defendants in New York. First, the plaintiffs argue that jurisdiction exists because the defendants ship some of their products to New York

customers and that § 302(a)(1) does not require that those shipments include products bearing the infringing design. The shipment of non-infringing products to New York will not support jurisdiction. The claim must arise from a New York transaction; the plaintiffs' claims do not arise from the defendants' sales of non-infringing products. As explained in Chloe, general business activity directed at New York may give rise to personal jurisdiction when combined with a single transaction related to the plaintiff's claim. Chloe, 616 F.3d at 165.

Next, the plaintiffs argue that the existence of an interactive website that New York customers may use to access the infringing products confers jurisdiction under § 302(a)(1). While an interactive website may establish that a defendant transacts business in New York, the plaintiff must also show that its claims arise from that transaction. Am. Girl, LLC, 118 F.4th at 278-79. The existence of an interactive website without a single New York transaction with the infringing product fails to establish a prima facie showing of personal jurisdiction over Shaltry and Designs with Dianna.

Finally, the plaintiffs argue that Shaltry and Designs with Dianna contracted with a business in the state of New York to manufacture the infringing products. But the affidavit provided

by Curtis does not provide prima facie evidence of that fact.[3] It fails to disclose the basis for her assertion that the manufacturer of the defendants' 16-ounce mixing glass bearing the atomic cat design is Taylor d.b.a. Amsterdam Printing, a New York manufacturer. Other allegations in Curtis's affidavit are "on information and belief." Her conclusory assertion also fails to rebut evidence that the products at issue were not manufactured in New York. Indeed, it was the plaintiffs who attached an Etsy document to the FAC which discloses that the mixing glass is shipped from Minnesota. And, Shaltry's declaration states that the infringing products were manufactured and fulfilled outside of New York. Even construing the facts in favor of the plaintiffs, Curtis's allegations are insufficient to establish personal jurisdiction. See J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004) (to resolve jurisdictional issues, a court may not rely on "conclusory" statements contained in affidavits).

Even if the plaintiffs had carried their burden to show that the infringing products were manufactured in New York,

---

[3] The defendants object to the consideration of the Curtis declaration and its email exhibit because they contain hearsay and allegations not included in the FAC. Because the defendants moved to dismiss for lack of personal jurisdiction, allegations outside of the FAC may be considered. Am. Girl, LLC, 118 F.4th at 276.

however, that would not establish personal jurisdiction under § 302(a)(1). The plaintiffs' copyright claims arise from the sales the plaintiffs allegedly lost due to the defendants' sales of products bearing the infringing design. The claims do not arise from the business relationship between the defendants and their manufacturer. The long-arm statute limits personal jurisdiction to only "those claims in some way arguably connected to the transaction." Daou v. BLC Bank, S.A.L., 42 F.4th 120, 130 (2d Cir. 2022) (citation omitted). A manufacturing agreement between the defendants and Amsterdam Printing, even if one existed, could not form "part of the alleged unlawful course of conduct underlying" the plaintiffs' copyright infringement claims. Id.

The plaintiffs assert that personal jurisdiction over the defendants is also satisfied under § 302(a)(2) because defendants acted through their agent, a New York manufacturer, to commit tortious acts within the state. But the plaintiffs have not alleged that the manufacturer committed a tortious act in New York. The creation of the infringing design and the sale of products bearing that design are the tortious acts at issue here and they occurred in Michigan. Accordingly, § 302(a)(2) does not permit the exercise of personal jurisdiction. See Bensusan Restaurant Corp. v. King, 126 F.3d 25, 29 (2d Cir.

1997) (under § 302(a)(2) the defendant must commit the tort while physically in New York State).

Instead of dismissal, the plaintiffs request either jurisdictional discovery regarding the activities of the New York manufacturer or that the Court transfer the action to a federal district court in Michigan. Because the information the plaintiffs seek in jurisdictional discovery would not strengthen their argument for personal jurisdiction, the request for jurisdictional discovery is denied. See Haber v. United States, 823 F.3d at 753.

A district court may transfer a civil action to another district where it might have been brought if such a transfer is "[f]or the convenience of parties and witnesses and in the interest of justice." Nat'l Lab. Rels. Bd. v. Universal Smart Conts., LLC, 166 F.4th 304, 316 (2d Cir. 2026) (citation omitted). The party seeking transfer "carries the burden of making out a strong case for transfer." Id. (citation omitted). This action could have been filed in Michigan. The defendants are citizens of Michigan and any infringing conduct occurred in Michigan. The defendants do not oppose the request to transfer this action to Michigan. Because transfer would be in the interest of justice, the request is granted.

**Conclusion**

The defendants' September 25 motion to dismiss for lack of personal jurisdiction is granted. The Clerk of Court shall transfer this action to the Western District of Michigan.

Dated: New York, New York
November 12, 2026

DENISE COTE
United States District Judge